UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL DAVONE WATKINS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Criminal Case No. 15-20333
Civil Case No. 17-12765

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [61]; DENYING MOVANT'S MOTION FOR JUDGMENT [67]; DENYING CERTIFICATE OF APPEALABILITY**

On June 9, 2015, Movant Martell Davone Watkins was charged via indictment [Dkt. 10] with two counts of Distribution of Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), Felon in Possession of a Firearm – Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Mr. Watkins entered a guilty plea to Count One of the indictment, distribution of heroin, on October 13, 2016. On January 31, 2017, the Court sentenced Mr. Watkins to 120 months' imprisonment and a three-year term of supervised release. Judgment [59] was entered on February 17, 2017.

Mr. Watkins filed a Motion to Vacate Sentence under 22 U.S.C. § 2255 [61] on August 22, 2017. The Government responded to Mr. Watkins' motion on October 17, 2017 [66].

10 days later, Mr. Watkins filed a Motion for Judgment [67], on the grounds that the Government's response to the § 2255 motion was 15 days late. The Government responded the same day [68].

For the reasons explained in depth below, Mr. Watkins' Motion to Vacate Sentence under 22 U.S.C. § 2255 [61] and Motion for Judgment [67] are **DENIED**. Mr. Watkins is denied a certificate of appealability.

### LEGAL STANDARD

To succeed on a motion to vacate, set aside, or correct sentence, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "To prevail on a claim of constitutional error, a prisoner 'must demonstrate the existence of an error of constitutional magnitude which had asubstantial and injurious effect' on the proceedings." *Fairley v. United States*, No. 12-CR-20786, 2017 WL 2535462, at *1 (E.D. Mich. June 12, 2017) (quoting *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009)).

ANALYSIS

Mr. Watkins argues that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the Court erred in classifying him as a career offender under the Guidelines. Specifically, Mr. Watkins claims that his previous conviction under M.C.L. § 333.7401 for delivery of a controlled substance is an improper career offender predicate. He submits that § 333.7401 is indivisible and "broader than the [ ] Guidelines definition for a controlled substance." (Dkt. 69 at 8). He further contends that § 333.7401 is "ambiguous and uncertain" and that pursuant to the rule of lenity, the ambiguity should be resolved in his favor. *Id.* at 14.

Mr. Watkins also raises an ineffective assistance of counsel claim. He maintains that had trial counsel properly researched the issue, he would have discovered that Mr. Watkins' prior conviction for cocaine delivery could not be used to establish Mr. Watkins are a career offender.

### I. Mr. Watkins' Career Offender Status

The Guidelines provide for an increased sentence if the defendant is a career offender. U.S.S.G. § 4B1.1(a) states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of a violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "controlled substance offense" is "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Mr. Watkins has at least three prior convictions for serious drug offenses. On April 20, 2005, July 6, 2005, and November 30, 2006, Mr. Watkins was convicted of violating M.C.L. § 333.7401 for delivery of less than 50 grams of a controlled substance (cocaine, heroin, or other narcotic). *See* Dkt. 52.

In *United States v. Tibbs*, 685 F. App'x 456 (6th Cir. Apr. 10, 2017), the petitioner challenged the use of his prior conviction for delivery of a controlled substance as a career offender predicate. He, like Mr. Watkins, claimed that M.C.L. § 333.7401 was indivisible under *Mathis* and *Hinkle*, and that the statute was "overbroad in relation to the Guidelines definition of a controlled substance." *Id.* at 462.

The Sixth Circuit rejected Tibbs' arguments on a number of grounds. It noted first that *Mathis* and *Hinkle* applied established Iowa and Texas law, respectively, and that "Tibbs cite[d] no Michigan law declaring that the relevant portions of M.C.L. § 333.7401 provide alternative means rather than elements." *Id.* Additionally, *Hinkle* did not address "whether the entire statute was indivisible

such that manufacture, delivery, and possession with intent to deliver stated alternative means of satisfying a single element." *Id.* at 463 (internal citation omitted). Finally, the court said, M.C.L. § 333.7401 "set forth separate offenses and not alternative means of committing the same offense." *Id.*

Mr. Watkins asserts that the Assistant U.S. Attorney is attempting to mislead the Court and that *Tibbs* is distinguishable from his case. He does not provide any explanation or support for these arguments.

Mr. Watkins' position with respect to his career offender status and the divisibility of § 333.7401 is foreclosed by *Tibbs* and *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017), another case decided several months after *Tibbs*. There, the Sixth Circuit rejected the petitioner's challenge to his career offender designation, and again concluded that M.C.L. § 333.7401 is divisible. *Id. Tibbs* and *House* clearly preclude Mr. Watkins' arguments.

Mr. Watkins' apparent claim that § 4B1.2 does not encompass "delivery" under § 333.7401 is similarly unavailing. In *United States v. Solomon*, 592 Fed. Appx. 359, 361 (6th Cir. 2014), the court held that the petitioner's prior conviction for delivery of marijuana

> was for a controlled substance offense within the meaning of § 4B1.2(b) of the Guidelines: it was for possession of a controlled substance with intent to "distribute," because "deliver" plainly falls within the meaning of "distribute" in § 4B1.2(b), and it was punishable by imprisonment for a term exceeding one year.

Finally, Mr. Watkins' rule of lenity argument is meritless, as § 333.7401 is not ambiguous or uncertain.

## II. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Mr. Watkins must demonstrate that defense counsel: 1) rendered deficient performance; and 2) prejudiced Mr. Watkins' defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Proving deficient performance requires Mr. Watkins to show that his attorney's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Id.* Courts generally "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Mr. Watkins argues that trial counsel was ineffective because he failed to realize that Mr. Watkins' prior conviction was an improper career offender predicate. As discussed above, however, Mr. Watkins was properly classified as a career offender. Mr. Watkins provides no other specific facts or information as to how his counsel rendered ineffective assistance.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Mr. Watkins' Motion to Vacate Sentence under 22 U.S.C. § 2255 [61] is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Watkins' Motion for Judgment [67] is **DENIED**, as an untimely response to a § 2255 motion is not grounds for default judgment. *See Carpenter v. United States*, 2013 WL 424479, at *3 (W.D. Mich. Feb. 1, 2013).

**IT IS FURTHER ORDERED** that Mr. Watkins is **DENIED** a certificate of appealability.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: April 24, 2018 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |